**JOSHUA S. VAN DE WETERING**
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
105 E. Pine
Missoula, MT 59802
Phone: (406) 542-8851
FAX: (406) 542-1476

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

FILED
MISSOULA, MT
2004 MAY 24 PM 4 22
PATRICK E. DUFFY
BY _____ DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### HELENA DIVISION

| UNITED STATES OF AMERICA, | CR 03-12-H-DWM |
|---|---|
| Plaintiff, | |
| vs. | **PLEA AGREEMENT** |
| WILLIAM HARRISON GRAY, | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, by Joshua S. Van de Wertering, Assistant United States Attorney for the District of Montana, and the defendant, WILLIAM HARRISON GRAY, and his attorney, Brian C. Smith, have agreed upon the following:

1    AUSA    DEF.    DEF.ATTY

1.  Defendant acknowledges that he has been charged in the superceding indictment in this case with a violation of THREAT AGAINST THE PRESIDENT Title 18 U.S.C. § 871 (COUNTS I, II, III) and; MAILING THREATENING COMMUNICATIONS, Title 18 U.S.C. §876(c) (COUNT IV).

2.  Defendant has read the charges against him contained in the superceding indictment and those charges have been fully explained to him by his attorney.

3.  Defendant fully understands the nature and elements of the crimes with which he has been charged.

4.  Defendant will enter a voluntary plea of guilty to Counts I through IV of the superceding indictment in this case.

5.  *Nature of the Agreement*: The parties agree that this plea agreement shall be filed and become a part of the record in this case, and will be governed by *Rule 11(c)(1)(A), Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement will be fulfilled provided the United States does not pursue other charges against the defendant as provided in ¶12. The defendant understands that if the agreement is accepted by the Court he will not have an automatic right to withdraw his plea. *Rule 11(d)(2)(A), Federal Rules of Criminal Procedure*.

6.  *Admission of Guilt*: Defendant will plead guilty because he is in fact guilty of the charges contained in Counts I through IV of the superceding indictment. In pleading guilty, the defendant acknowledges that:

### COUNT I

That on about December 26, 2002, in Powell County, in the State and District of

2  AUSA   DEF.   DEF.ATTY

Montana, the defendant, WILLIAM HARRISON GRAY, knowingly and willfully deposited for conveyance in the mail a document containing a threat to take the life of the President of the United States, in violation of Title 18 U.S.C. §871.

### COUNT II

That on about January 15, 2003, in Powell County, in the State and District of Montana, the defendant, WILLIAM HARRISON GRAY, during a conversation with an agent of the Secret Service, knowingly and willfully made a threat to take the life of the President of the United States, in violation of Title 18 U.S.C. §871.

### COUNT III

That on about January 21, 2003, in Powell County in the State and District of Montana, the defendant, WILLIAM HARRISON GRAY, knowingly and willfully deposited for conveyance in the mail a document containing a threat to take the life of the President of the United States, in violation of Title 18 U.S.C. §871.

### COUNT IV

That on about July 20, 2003, in Powell County in the State and District of Montana, the defendant, WILLIAM HARRISON GRAY, knowingly and willfully deposited for conveyance in the mail a document containing a threat to take the life of United States Magistrate Judge Lief B. Erickson, in violation of Title 18 U.S.C. §876(c).

7. *Maximum Punishment Provided by Law:* The defendant understands the charges to which he will plead guilty carries a maximum penalty of: not more than 5 years imprisonment and a $250,000.00 fine (Counts I, II and III); not more than 10 years imprisonment and a $250,000.00 fine (Count IV). Further, the defendant

3    AUSA    DEF.    DEF.ATTY

acknowledges that the crimes to which he is entering a plea are Class D felonies [5-10 years] Title 18 U.S.C. § 3559(a)(4) which provides for a maximum term of supervised release of three years as to each count. Title 18 U.S.C. § 3583(b)(2).

8. *Elements of the Charge:* The defendant has been advised of the nature of the charge made against him and the elements of the crime to which he is entering a guilty plea. The defendant understands that if the case were to go to trial the government would be required to prove each and every element of the crime. He further acknowledges that these are the elements of the crimes charged in the superceding indictment:

### COUNTS I, II, III

First, the defendant intentionally threatened, either in writing or orally, to kill the President of the United States; and

Second, under the circumstances in which the threat was made, a reasonable person would foresee that it would be understood by persons hearing or reading it as a serious expression of an intention to kill the President of the United States.

### Count IV

First, the defendant knowingly caused to be delivered by the United States Postal Service a communication in writing, threatening to kill a United States Magistrate Judge.

Second, under the circumstances in which the threat was made, a reasonable person would foresee that it would be understood by persons hearing or reading it as a serious expression of an intention to kill a United States Magistrate Judge.

4   *ICM* / AUSA   *[initials]* / DEF.   *BCS* / DEF.ATTY

The defendant understands that by entering a guilty plea, the government will not be required to present proof of his guilt and the elements recited herein because there will be no trial if the Court accepts his plea of guilty and the plea agreement of the parties.

9. *Recitation of Rights:*

(a) If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury.

(b) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent, and that it could not convict him unless after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

(c) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able

5 *CMM* / AUSA    *wa* / DEF.    *BCS* / DEF.ATTY

to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(e) At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

(f) If convicted, and within 10 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal his conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made which would entitle him to reversal of the conviction.

10. *Waiver of Rights by Plea:* Defendant understands that by pleading guilty pursuant to this agreement he is waiving all the rights set forth in the prior paragraph. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

*11. Recommendation of Credit for Acceptance of Responsibility:*

The United States will recommend that the defendant be given a two point credit for acceptance of responsibility. If the defendant's offense level is 16 or greater, and if the defendant files this agreement or a Notice of Intent to Change Plea at least 14 days prior to the date now set for trial, June 1, 2004, the United States will move the Court at the time of sentencing to award the defendant an additional one point for acceptance of responsibility pursuant to the. Pub. L. 108-21 [section 401(g)(2)(B)], 117 Stat. 650

6    _/s/_ AUSA    _/s/_ DEF.    _/s/_ DEF.ATTY

(Apr. 30, 2003).

The United States reserves the right to object to or comment upon the applicability, or inapplicability, of any adjustment or enhancement to be used in the sentencing calculation. The United States further reserves the right to object to any motion for downward departure from the guideline range or from the criminal history category.

Both parties acknowledge that the Court is not bound by the recommendations of either party and may sentence the defendant to a sentence anywhere within the Guideline range, and may depart upward or downward after it has, on the record, indicated what law and factors not contemplated by the Guidelines justify the upward or downward departure.

12. *Non-Prosecution or Dismissal:* Upon acceptance of this agreement by the Judge, the United States Attorney for Montana shall bring no further action against WILLIAM HARRISON GRAY based upon the facts alleged in this superceding indictment. Both parties acknowledge that the prosecution has no authority to bind the U.S. Probation Office or the Court with respect to guideline enhancements or adjustments they deem appropriate.

13. *Voluntary Plea:* Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this agreement to induce defendant to plead guilty.

14. *Special Assessment/ Financial Obligations:* The defendant recognizes

7 
AUSA    DEF.    DEF.ATTY

that he will be responsible for a mandatory assessment of $ 100.00 on each count pursuant to Title 18 U.S.C. § 3013 of the Comprehensive Criminal Control Act. The defendant agrees that any fine, restitution, or special assessment imposed by the Court is due and payable immediately.

15. Detention/Release After Plea: Pursuant to Title 18 U.S.C. § 3143(a)(1), the defendant acknowledges that he will be detained upon conviction unless the Court finds, by clear and convincing evidence, that he will not likely flee or pose a danger to the community.

16. *Waivers:*

a) Waiver of FOIA-

The defendant knowingly, expressly and voluntarily hereby waives all rights whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

17. *Entire Agreement:* Any statements or representations made by the United States, the defendant, or his counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. **This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to**

8 

**be considered part of the agreement.**

WILLIAM W. MERCER
United States Attorney

*/S/ L. M. Jean / for*
JOSHUA S. VAN DE WETERING
Assistant U. S. Attorney

Date  5/24/04

*William H Gray*
WILLIAM HARRISON GRAY
Defendant

5/20/04
Date

BRIAN C. SMITH
Counsel for Defendant

5/20/04
Date